## SUPREME COURT.

### HENRY J. FORWARD agt. EDWARD J. FRENCH.

*Order of arrest — its proper execution — practice — rule 6.*

An order of arrest, granted by one of the justices of Erie county, was directed to the sheriff of said county, requiring him to arrest the defendant and hold him to bail in a sum specified, and to return the order to plaintiff's attorneys within five days after the arrest. The sheriff made the arrest as required by the order; and, within the time limited, delivered the order to the plaintiff's attorneys, with his return indorsed, and a certified copy of the undertaking of the bail. A copy of Rule 6 was not indorsed upon the order. The original affidavits and order of arrest were filed in the proper clerk's office by the plaintiff's attorneys within ten days after the arrest.

*Held*, that the practice was strictly in conformity with the statute (*Code*, secs. 183, 184, 193) regulating the same.

Rule 6 of the general rules of practice of the supreme court, so far as it directs the sheriff to file the order with the clerk, seems to be in plain conflict with the terms of the order itself, which is in the form prescribed by statute (*Code, sec.* 183), and in conflict with the statute *Code, sec.*, 193), which directs the sheriff, within a time limited by the terms in the order, to deliver the order to the plaintiff or his attorney with his return indorsed thereon.

*Erie Special Term, March* 1876.

MOTION by defendant to vacate order of arrest, on the sole ground that Rule 6 of the general rules of practice of this court was not indorsed on the order before its delivery to the sheriff.

*Day & Romer*, for motion.

*Martindale & Oliver*, opposed.

HENDERSON, *J.* — The order of arrest was granted by Mr. justice RUMSEY on the 23d of February, 1876. It was directed to the sheriff of Erie county, and required him to arrest the defendant and hold him to bail in a sum mentioned, and to return the order to Messrs. Martindale & Oliver, plaintiff's attorneys at Rochester, Monroe county, New York, within five days after the arrest of the defendant. The order was indorsed by plaintiff's attorneys.

The sheriff made the arrest as required by the order, and within the time limited for that purpose he delivered the order to the plaintiff's attorney, with his return indorsed, and a certified copy of the undertaking of the bail. A copy of Rule 6 was not indorsed upon the order. The original affidavits and order of arrest were filed in the proper clerk's office by the plaintiff's attorneys within ten days after the arrest.

Section 183 of the Code prescribes that the order shall require the sheriff forthwith to arrest the defendant and hold him to bail in a sum specified, and to return the order, at a time and place therein mentioned, to the plaintiff or attorney, by whom it shall be subscribed or indorsed. Section 184 makes it the duty of the sheriff, upon arresting the defendant, to deliver to him a copy of the order and a copy of the affidavit upon which it was granted. Section 193 requires the sheriff, within the time limited for that purpose by the terms of the order itself, to deliver the order to the plaintiff or his attorney, by whom it is subscribed with his return indorsed thereon.

By the provisions of the statute above referred to the form of the order and the duty of the sheriff receiving it for service are clearly and definitely pointed out. Rule 6 requires the sheriff to file the order with the clerk within ten days after the arrest, and that a copy of the rule shall be indorsed on the order before its delivery to the sheriff. This rule, so far as it directs the sheriff to file the order with the clerk, seems to be in plain conflict with the terms of the order itself, which

is in the form prescribed by statute (*Code, sec.* 183), and in conflict with the statute (*Code, sec.* 193), which directs the sheriff, within a time limited by the terms of the order, to deliver the order to the plaintiff or his attorney with his return indorsed thereon. Had this rule been indorsed on the order as required by the terms of the rule, it would, notwithstanding, have been the duty of the sheriff to have disregarded the rule and to have obeyed the statute by delivering the order to the plaintiff's attorneys at Rochester, Monroe county, New York, with his return indorsed, within five days after the arrest, instead of, filing it in the clerk's office of Genesee county within ten days after the arrest as the rule requires.

I think the practice in this case was strictly in conformity with the statute regulating the same, and that the motion should be denied with seven dollars costs.